**FILED**
**Apr 26, 2019**
**07:49 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | |
|---|---|
| **TIMOTHY MAYS,** | ) Docket Number: 2018-02-0658 |
| Employee, | ) |
| | ) |
| **v.** | ) State File Number: 93196-2018 |
| **MATTHEW PEARSON, d/b/a** | ) |
| **HANDYMAN CONSTRUCTION,** | ) |
| Employer. | ) Judge Brian K. Addington |
| | ) |

## EXPEDITED HEARING ORDER
## DECISION ON THE RECORD

This case came before the Court on April 24, 2019, on Mr. Mays' request for benefits. The issue is his entitlement to medical and temporary benefits from Mr. Pearson, an uninsured employer. For the reasons below, the Court holds that Mr. Mays is likely to succeed at trial in proving he was an employee of an uninsured employer; he suffered an injury that arose primarily out of and in the course and scope of his employment; and he is entitled to medical but not temporary disability benefits.

### History of Claim

Mr. Mays worked one month for Mr. Pearson remodeling homes. Mr. Mays cut the middle and index fingers on his left hand with a table saw on September 12, 2018. After visiting an urgent care and emergency room near Knoxville, he treated at the emergency room in Kingsport, Tennessee.[1] Dr. Samuel Hilton diagnosed a fracture of the index finger and multiple lacerations. Dr. Hilton stitched the lacerations and provided splints. Later, Mr. Mays sought conservative treatment on his own with Dr. Ashraf Youseff. His treatment cost $1,562.82.

Concerning Mr. Mays' work, Mr. Pearson paid him by cash. The parties dispute the total amount Mr. Mays earned, but both acknowledged he earned $10.00 per hour.

---

[1] The parties did not supply medical records from urgent care or the first emergency room.

1

According to the Expedited Request for Investigation Report, Mr. Pearson did not have insurance; the injury occurred after July 1, 2015; Mr. Mays resided in Tennessee at the time of accident; and he notified the Bureau of his injury on November 28, 2018. Further, Mr. Pearson controlled the work, possessed the right of termination, provided the tools and equipment, and scheduled the working hours. Following the injury, Mr. Pearson would not let Mr. Mays return to work because he believed he was an unsafe worker.

Mr. Mays contended he was Mr. Pearson's employee and is entitled to medical and temporary disability benefits from him and/or the Uninsured Employer's Fund. Mr. Pearson countered that Mr. Mays was an independent contractor, not his employee; he offered to pay for Mr. Mays' medical treatment but he refused; and he would not allow Mr. Mays to return to work because he was an unsafe worker.

**Findings of Fact and Conclusions of Law**

At an Expedited Hearing, Mr. Mays must present sufficient evidence that he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2018).

First, regarding whether Mr. Mays was an employee or independent contractor, the evidence supports his position that he was an employee. The factors a court must consider in determining whether a person is an employee or independent contractor are in Tennessee Code Annotated section 50-6-102(12)(D)(i). The applicable statutory factors are that Mr. Pearson directed the method of payment, controlled the schedule and the work, and provided the tools. The Court holds that Mr. Mays is likely to succeed at trial in proving he was Mr. Pearson's employee.

Second, because Mr. Pearson did not provide medical benefits, Mr. Mays sought treatment at the emergency room and with Dr. Youseff. Because of Mr. Pearson's failure to provide medical benefits, Mr. Mays was reasonable in seeking his own treatment. *See Hackney v. Integrity Staffing Solutions*, 2016 TN Wrk. Comp. App. Bd. LEXIS 29, at *8-9 (July 22, 2016). Because Dr. Youseff has already provided substantial care to Mr. Mays, the Court designates him the authorized physician and orders Mr. Pearson to pay for any reasonable and necessary medical expenses incurred due to the injury.

Third, Mr. Mays requested temporary disability benefits. For temporary total disability benefits, Mr. Mays must show he is likely to prove: (1) a disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Shepherd v. Haren Const. Co., Inc.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016). The medical records fail to establish that Mr. Mays could not work. Rather, the evidence shows Mr. Pearson would not let Mr. Mays work because Mr. Pearson believed

2

he was unsafe. The Court holds Mr. Mays is unlikely to succeed at trial in proving entitlement to temporary disability benefits.

Finally, Mr. Mays requested payment by UEF. The Court notes that it can only issue a judgment against an uninsured employer. It is an employee's option to seek benefits from UEF once he obtains the judgment and appeals are finished. *See* Tenn. Code Ann. § 50-6-802(a). An injured employee *may* receive benefits from UEF if the factors set out in Tennessee Code Annotated 50-6-803(d) are met. One of those factors requires an employee to provide notice to the Bureau within sixty days of his injury. Tenn. Code Ann. § 50-6-803(d)(1). However, based on the evidence, the Court finds he failed to give notice to the Bureau within sixty days of his injury.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court designates Dr. Youseff as Mr. Mays' authorized physician. Mr. Pearson shall pay all reasonable and necessary medical treatment provided or recommended by Dr. Youseff. He shall pay Dr. Youseff $1,562.82 for past medical treatment

2. Mr. May's request for temporary disability benefits is denied at this time.

3. This matter is set for a Scheduling Hearing on June 10, 2019, at 10:00 a.m. (EDT). **You must call toll-free at 855-543-5044 to participate in the Hearing. Failure to call in may result in a determination of the issues without your further participation.**

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

ENTERED this the 26th day of April, 2019.

/S/ Brian K. Addington
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Mr. Mays' Affidavit
2. Medical Records
3. Expedited Request for Investigation Report

Technical Record:
1. PBD
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Docketing Notice

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the Order was sent to the following recipients by the following methods of service on April 26, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|------|------|------|------|
| Timothy Mays, Employee | X | | | 1017 West Stone Drive, Apt. 323 Kingsport, TN 37660 |
| Matthew Pearson, Employer | X | | | 1794 Big Moccasin Road Nickelsville, VA 24271 |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4



Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

- ☐ Temporary disability benefits
- ☐ Medical benefits for current injury
- ☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name:_____  SF#:_____ DOI:_____

## Appellee(s)
**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee


Appellee's Address:_____

Appellee's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**


## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the_____day of_____, 20___


[Signature of appellant or attorney for appellant]     _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

Groceries     $ _____ per month     Telephone     $ _____ per month

Electricity     $ _____ per month     School Supplies $ _____ per month

Water     $ _____ per month     Clothing     $ _____ per month

Gas     $ _____ per month     Child Care     $ _____ per month

Transportation     $ _____ per month     Child Support     $ _____ per month

Car     $_____ per month

Other     $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe:_____

11. My debts are:

Amount Owed             To Whom

_____          _____

_____          _____

_____          _____

_____          _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                               RDA 11082